IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
(East St. Louis Division)

| | |
|---|---|
| WILLIAM R. ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No.: 3:20-CV-322 |
| MARK VON NIDA, in his official capacity as the Clerk of Court of Madison County, and CHRIS SLUSSER, in his official capacity as Treasurer of Madison County | ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT MARK VON NIDA, IN HIS OFFICIAL CAPACITY AS THE CLERK OF COURT OF MADISON COUNTY

COMES NOW, Defendant Mark von Nida, in his official capacity as the Clerk of Court of Madison County ("Defendant"), by and through the undersigned counsel, and for his Answer to Plaintiff's Complaint, states as follows:

1. Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore, Defendant denies same.

2. Defendant states that he was elected Madison County Circuit Clerk in November 2016 and was sworn in to said elected office in December 2016, and denies any remaining allegations of fact in Paragraph 2 of Plaintiff's Complaint.

3. Defendant states that Defendant Slusser was appointed as the Treasurer for Madison County, Illinois following the November 2016 election, and was later elected to the office of Madison County Treasurer in the November 2018 election, and denies any remaining allegations of fact contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and therefore, Defendant denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and therefore, Defendant denies same.

8. Defendant states that the allegations contained in Paragraph 8 of Plaintiff's Complaint references a writing which speaks for itself and is the best evidence of its content, and therefore, no answer is required. To the extent an answer is required, Defendant denies all allegations in Paragraph 8 that misstate, misrepresent, misconstrue, or contradict the terms of the alleged writing.

9. Defendant states that the allegations contained in Paragraph 9 of Plaintiff's Complaint references a statute which speaks for itself and is the best evidence of its content, and therefore, no answer is required. To the extent an answer is required, Defendant denies all allegations in Paragraph 9 that misstate, misrepresent, misconstrue, or contradict the terms of the alleged statute.

10. Defendant states that the allegations contained in Paragraph 10 of Plaintiff's Complaint reference a statute which speaks for itself and is the best evidence of its content, and therefore, no answer is required. To the extent an answer is required, Defendant denies all allegations in Paragraph 10 that misstate, misrepresent, misconstrue, or contradict the terms of the alleged statute.

11. Defendant states that the allegations contained in Paragraph 11 call for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

12. Defendant states that the allegations contained in Paragraph 12 of Plaintiff's Complaint calls for a legal conclusion as to whether the court lacked *in personam* jurisdiction and, therefore, no answer is required. To the extent a response is required, Defendant denies said allegations. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, deny these allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore, Defendant denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore, Defendant denies same.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore, Defendant denies same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and therefore, Defendant denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and therefore, Defendant denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore, Defendant denies same.

20.     Defendant states that the allegations contained in Paragraph 20 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required. To the extent a response is required, said allegations are denied. By way of further answer, the allegations set forth in Paragraph 20 reference a case with an incomplete citation.  Defendant denies all allegations in Paragraph 20 that misstate, misrepresent, misconstrue, or contradict the facts, reasoning, or holding of the referenced case.

21.     Defendant states that the allegations contained in Paragraph 21 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required.  To the extent a response is required, said allegations are denied.  By way of further answer, the allegations set forth in Paragraph 20 reference an appellate court case from the 5th District. Defendant denies all allegations in Paragraph 21 that misstate, misrepresent, misconstrue, or contradict the facts, reasoning, or holding of the referenced case.

22.     Defendant states that the allegations contained in Paragraph 22 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required. To the extent a response is required, said allegations are denied. By way of further answer, the allegations set forth in Paragraph 22 reference a case with an incomplete citation. Defendant denies all allegations in Paragraph 22 that misstate, misrepresent, misconstrue, or contradict the facts, reasoning, or holding of the referenced case.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 and therefore, Defendant denies same.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and therefore, Defendant denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and therefore, Defendant denies same.

26. Defendant admits Section 2-801 of the Code of Civil Procedure set forth the elements necessary for the maintenance of a class action. By way of further answer, Defendant denies the required elements are met in this case.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and therefore, Defendant denies same.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits Plaintiff proposes the following class be certified:

> All persons who, from March 1, 2015, through the date of final judgment, were named as a Defendant in one or more traffic or criminal misdemeanor cases filed in Madison County, Illinois, and who has an ex parte finding of guilty entered against them, and who were never served with a summons, or arrested and presents with the charges prior to the finding of guilty, and either paid a fine, paid a vacate fee, or both.

By way of further answer, Defendant denies the class Plaintiff proposes to certify should be certified in this matter.

32. Defendant admits Plaintiff proposes he be appointed class representative and that Thomas G. Maag and Peter J. Maag and the Maag Law Firm be appointed class counsel, but

denies this is an appropriate case for class certification or appointment of the proposed class counsel.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and therefore, Defendant denies same.

34. Defendant states that the allegations contained in Paragraph 21 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required. To the extent a response is required, said allegations are denied. By way of further answer, Defendant denies it made any demand on Plaintiff or any proposed class member.

35. Defendant denies it made affirmative statements to Defendant or any proposed class member. By way of further answer, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 and therefore, Defendant denies same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations related to his personal injury and the damages suffered by the proposed class, and therefore denies those allegations. By way of further answer, Defendant denies Plaintiff and the proposed class are entitled to a refund of any monies paid by them.

37. Defendant states that the allegations contained in Paragraph 37 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required. To the extent a response is required, said allegations are denied. By way of further answer, the allegations set forth in Paragraph 37 reference an Illinois Supreme Court case. Defendant denies all allegations in Paragraph 37 that misstate, misrepresent, misconstrue, or contradict the facts, reasoning, or holding of the referenced case.

38. Defendant states that the allegations contained in Paragraph 38 of Plaintiff's Complaint call for a legal conclusion and, therefore, no answer is required. To the extent a response is required, said allegations are denied. By way of further answer, the allegations set forth in Paragraph 38 reference an Illinois Supreme Court case. Defendant denies all allegations in Paragraph 38 that misstate, misrepresent, misconstrue, or contradict the facts, reasoning, or holding of the referenced case.

39. Defendant admits Plaintiff seeks to recover fine and/or vacate fee money, paid under an allegedly unlawful and/or unconstitutional procedure and policy. By way of further answer, Defendant denies Plaintiff is entitled to the relief he seeks.

40. Defendant states the allegations contained in Paragraph 40 as to whom the money was paid to and who holds or held the funds calls for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

## **Affirmative Defenses**

COMES NOW, Defendant Mark Von Nida, in his official capacity as the Clerk of Court of Madison County, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. By way of further answer and as an affirmative defense, Defendant states Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims against Defendant are barred in whole or in part under the doctrines of absolute, qualified, governmental tort and/or discretionary immunity.

3. Plaintiff's claims against Defendant are barred in that all actions taken by the Clerk of Court were privileged and taken within the course and scope of his lawful duties and responsibilities.

7

13193446.1

4. Plaintiff's claims against Defendant are barred in that the Clerk of Court acted at all times in good faith and without malice.

5. Plaintiff's claims against Defendant are barred in that the acts alleged herein to have been undertaken by Madison County prosecutors and judges was lawful.

6. Plaintiff's claim for class certification is barred because the pre-requisites of numerosity and commonality are not met and the claims of Plaintiff are not representative of the claims of the proposed class.

WHEREFORE, having fully answered, Defendant Mark von Nida, in his official capacity as the Clerk of Court of Madison County, prays for this Court to dismiss, with prejudice, Plaintiff's Complaint, or in the alternative, enter judgment in favor of Defendant, awarding Defendant its costs and attorneys' fees as the prevailing party herein, and for such other and further relief as the Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ John L. Gilbert*
Philip J. Lading, #6271659
John L. Gilbert #954101
Joseph F. Devereux, III #6323194
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
plading@sandbergphoenix.com
jgilbert@sandbergphoenix.com
jdevereux@sandbergphoenix.com

*Attorneys for Defendant Mark von Nida, in his official capacity as the Clerk of Court of Madison County and Chris Slusser, in his official capacity as Treasurer of Madison County*

**Certificate of Service**

    I hereby certify that on the 7th day of April 2020 the foregoing was filed electronically with the Clerk of the Court and served by operation of the Court's electronic filing system upon the following:

Thomas Maag
Maag Law Firm, LLC
tmaag@maaglaw.com

                                      */s/ John L. Gilbert*