IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM R. ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No.   20-cv-322-RJD |
| MARK A. VON NIDA and CHRIS SLUSSER, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Remand for Lack of Federal Subject Matter Jurisdiction filed by Plaintiff William Rogers (Doc. 9).  Defendants Mark von Nida and Chris Slusser filed a timely response (Doc. 20).  For the reasons set forth below, the Motion to Remand is **GRANTED**.

**Background**

Plaintiff initiated this matter as a proposed class action in Madison County, Illinois on February 28, 2020.  In his complaint, Plaintiff alleges he was convicted, *ex parte*, of two traffic infractions, without notice.  In particular, Plaintiff alleges he never received a notice to appear pursuant to 725 ILCS 5/107-12, and officials failed to issue a summons or warrant of arrest, prior to finding him guilty.  Plaintiff alleges that following entry of his convictions without proof of service, he was made to pay a $40 "vacate fee" per conviction before his convictions were vacated. Plaintiff contends that his *ex parte* convictions were not legal and, as a result, the taking of money to vacate such convictions supports a cause of common law action for money had and received. Plaintiff proposes the following class:

> All persons who, from March 1, 2015, through the date of final judgment, were named as a Defendant in one or more traffic or criminal misdemeanor cases filed in the Circuit Court of Madison County, Illinois, and who had an *ex parte* finding of guilty entered against them, and who were never served with a summons, or arrested and presented with the charges prior to the finding of guilty, and either paid a fine, paid a vacate fee, or both.

Defendants removed this action on March 31, 2020 (Doc. 1), asserting this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. In particular, Defendants assert Plaintiff alleges violations of his due process rights and challenges the constitutionality of the application of 725 ILCS 5/107.

Plaintiff filed his motion to remand on April 2, 2020 (Doc. 9), arguing Defendants' removal was inappropriate as this is simply an action for money had and received, and there is no allegation that any statute is unconstitutional or being unconstitutionally applied. Plaintiff clarifies he is only alleging that Defendants are violating 725 ILCS 5/107 by entering findings of guilt before a defendant is legally served. Plaintiff asks that he be awarded attorney's fees and costs because Defendants' removal lacked objective reasonableness.

In response, Defendants assert removal was appropriate because the allegations in Plaintiff's complaint call into question whether Plaintiff's conviction for two traffic violations without notice of the court setting or an opportunity to be present and be heard violate his due process rights. Alternatively, Defendants argue Plaintiff's motion should be denied because Plaintiff attempts to avoid federal question jurisdiction through "artful" pleading.

## Discussion

Defendants may remove actions brought in state court over which federal courts have original subject matter jurisdiction. 28 U.S.C. § 1441. The removing party has the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-32 (7th Cir.

2004).  "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  Put another way, there is a strong presumption in favor of remand.  *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

Federal subject matter jurisdiction requires the presence of either diverse parties or a federal question that "arises under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The usual test of whether an action arises under federal law for purposes of "federal question" jurisdiction under § 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As the Supreme Court has stated, "the paramount policies embodied in the well-pleaded complaint rule … [are] that the plaintiff is the master of the complaint … and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."  *Id.* at 398-399.

In this instance, any clarity in pleading is missing from Plaintiff's complaint.  Indeed, only in filing his Motion to Remand was Plaintiff clear that his complaint was intended as an action for money had and received under Illinois common law.  In his complaint, however, Plaintiff includes references to due process and questions the constitutionality of Defendants' application of 725 ILCS 5/107-12.  Defendant is correct that underlying Plaintiff's claim for money had and received is necessarily the assertion that Plaintiff's due process rights were violated when he was convicted, *ex parte*, of two traffic violations.  In other words, in order to find in Plaintiff's favor, a court must find that Plaintiff's due process rights have been violated and that Madison County officials are applying 725 ILCS 5/107-12 in an unconstitutional manner.

The difficulty here arises in the fact that Plaintiff's implication of due process rights is recognized by both the U.S. Constitution and the Illinois Constitution (U.S. Const. amend. V; ILCS Const., art. 1, § 2) (establishing due process protection and stating that "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."). Because of this ambiguity, it does not appear that a question of federal law necessarily appears on the face of Plaintiff's complaint. The crux of the instant dispute is Defendants' improper acceptance of fees. To the extent Plaintiff's claim implicates due process rights, those rights are protected by both the U.S. Constitution and Illinois Constitution. In the absence of any purported federal claim predominating this case, Plaintiff's original choice of forum should be respected. Accordingly, this case shall be remanded to state court for adjudication.

*Plaintiff's Request for Attorney Fees*

In his motion to remand, Plaintiff asks the Court to order Defendants to pay his costs and attorney fees for their "improvident removal." Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." The Seventh Circuit has made clear that Section 1447(c) "is *not* a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." *Garbie v. DaimlerChrysler, Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (emphasis in original). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Seventh Circuit directs courts to consider whether, "at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal," likening the analysis to one

made under the qualified immunity doctrine. *Lott v. Pfizer, Inc.* 492 F.3d 789, 793 (7th Cir. 2007).

Plaintiff contends Defendants' removal was baseless and improvident, but the Court disagrees. The face of the complaint arguably seeks to vindicate due process rights without specifying whether the complaint refers only to rights secured by the Illinois Constitution. The Court seriously considered whether Plaintiff unintentionally pleaded himself into federal jurisdiction by raising a claim under the U.S. Constitution with this lack of specificity, and the decision in his favor was a close call. As such, the Court will not award any fees under Section 1447(c).

## Conclusion

Based on the foregoing, Plaintiff's Motion to Remand for Lack of Federal Subject Matter Jurisdiction (Doc. 9) is **GRANTED**. It is hereby **ORDERED** that, pursuant to 28 U.S.C. § 1447(c), this action be **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. No fees or costs are awarded. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court, and thereafter to **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED: October 22, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**